ERI D. HERRINGTON, RESPONDENT, *v.* THE VILLAGE OF PHŒNIX, APPELLANT.

*Negligence — what facts do not establish actionable neglect, on the part of a village, to keep the covering of a sluice-way in one of its streets in repair.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury rendered at the Oswego Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

Jefferson street, in the village of Phœnix, is crossed by a sluice about two feet deep and four feet wide, the walls of which were made of hemlock timbers about six inches square, laid one above the other, and called, in the case, " docking." Upon the top of the docking stringers were laid, which were covered with plank. September 26, 1878, the plaintiff's horse stepped through the bridge and broke his leg, from the effects of which he became worthless. This action was brought to recover the damages, and resulted in a verdict for $152. A motion for a new trial was made on the minutes and denied, a judgment entered, from which and the order denying a new trial the defendant appealed.

The court at General Term said: " The evidence as to the cause of the accident is meager and unsatisfactory. As the plaintiff was driving north along the street the leg of his horse went through the bridge at its south side, next to the docking. The plaintiff says that the horse stepped on the docking, which was rotten, and his foot went through. We do not understand that all of the docking on the south side gave way, or that the foot went through the

docking; but infer that the upper surface of the top timber was rotten, that a piece crumbled out and let the foot down by the side of the docking.   It also appears, inferentially, that the plank of the bridge had covered the docking, but on the occasion in question, the south or first plank was gone, leaving the docking exposed, and also an uncovered space between the docking and the second plank, into which the horse's foot slipped from the docking.

" There is no evidence that the bridge was defective in design or construction ; it was not shown how, when or by whom the plank was displaced.   For aught that appears, it might have been displaced by a trespasser, or accidentally by the last team crossing the bridge before the accident.   The plaintiff lived in the village near the bridge, but does not claim to have discovered the defect before the accident.   The age of the bridge was not shown, nor were any facts tending to establish negligence on the part of defendant's officers, except that at the time of the accident a plank was displaced, and that the top timber of the docking was rotten, but to what extent does not appear.   We think the evidence falls short of establishing a cause of action against the defendant, and that the plaintiff ought to have been nonsuited.

" The judgment is reversed and a new trial granted, with costs to abide the event."

*Avery & Merry,* for the respondent.

*S. N. Dada,* for the appellant.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and new trial ordered, with costs to abide event.